133 Mich. App. 32 (1984)
348 N.W.2d 31
In re HIGHGATE ESTATE
BONDS
v.
HIGHGATE
Docket No. 67805.
Michigan Court of Appeals.
Decided March 20, 1984.
Sachs, Nunn, Kates, Kadushin, O'Hare, Helveston & Waldman, P.C. (by Granner S. Ries), for appellee.
Stalburg & Laritz, P.C. (by Mary Beth Leija), for appellants.
*34 Before: SHEPHERD, P.J., and BRONSON and M. WARSHAWSKY,[*] JJ.
SHEPHERD, P.J.
This case raises the issue of whether a foreign final judgment of legal separation, which includes a property settlement, prevents the wife from being adjudicated in Michigan the surviving spouse of the deceased husband who died prior to entry of a final judgment of divorce in the foreign divorce action. Under the circumstances of this case, we hold that the wife is not a surviving spouse and is limited to receiving that which was awarded to her under the final judgment of legal separation. The probate court in Michigan determined that Mary Highgate, the wife of the deceased, was the surviving spouse. The decision of the probate court is reversed.
Robert Highgate, II, and Mary Highgate were married in 1942 and had three children. In 1975 Mr. and Mrs. Highgate moved to California and resided there for approximately four and one-half years. On March 21, 1980, Mrs. Highgate petitioned for a judgment of legal separation and a final judgment was signed May 19, 1980. The judgment is identified as a "final judgment of legal separation" and includes an order disposing of property based upon a stipulation of the parties. Given the fact that the only asset in the Michigan probate estate is a lump sum settlement of a workers' compensation case which was pending in Michigan at the time of the legal separation, we will quote from the California judgment as it relates to that asset:
"In the event respondent shall settle his claim for *35 workers' compensation benefits presently pending in Michigan, at his option he will either pay to petitioner one-half of any lump-sum settlement or continue paying spousal support of $140.00 per month. If respondent shall move to modify spousal support, he shall pay petitioner one-half of the lump-sum settlement."
There were some 14 paragraphs disposing of property, providing for insurance, disposing of income tax refunds, providing for alimony and otherwise containing provisions normally found in a final property settlement agreement in a divorce case. The California judgment does not specifically state that it is disposing of all marital property.
Michigan law provides that one is not a surviving spouse if he or she "was party to a valid proceeding concluded by an order purporting to terminate all marital property rights, or * * * voluntarily entered into a valid written contract specifically settling all marital property rights". MCL 700.141; MSA 27.5141.
It is to be noted that a distinction is to be made between an order which purports to terminate all marital property rights and a written contract that specifically settles all marital property rights. Therefore, an order does not need to have a specific provision stating that it is terminating all marital property rights as long as it purports to do so. At the hearing in probate court in this case, Mrs. Highgate was questioned as follows:
"Q. [appellants' trial attorney]: When this agreement was negotiated by you and on your behalf, by your attorney, was it not your intention to take care of all the property that was owned jointly between the two of you so that there would be no misunderstanding; is that correct?
"A. Right."
*36 Elsewhere, Mrs. Highgate was questioned as follows:
"Q. [appellants' trial attorney]: The final judgment of legal separation pretty much covers every item that we've talked about that you owned together as husband and wife during your marriage; does it not?
"A. I believe so."
Thus, the California judgment, on its face, appears to have all of the characteristics of a final judgment of divorce and a final, complete property settlement and Mrs. Highgate acknowledges that the judgment disposes of all marital property. We are satisfied that the California judgment purports to terminate all marital property rights. Our decision is apparently confirmed by a California rule that a clause expressly terminating all rights is not required under California law. In re Estate of Smith, 241 Cal App 2d 205; 50 Cal Rptr 374 (1966). Michigan law is also clear that a surviving spouse waives her rights to her intestate share by entering into a complete property settlement in anticipation of a separate maintenance agreement. MCL 700.291; MSA 27.5291. Analyzing that issue in Smith, the California Court said:
"A wife may waive or relinquish her right of inheritance in her husband's estate by a valid post-nuptial property settlement agreement. Whether such right has been waived or relinquished by such an agreement is a question of its interpretation on which the intent of the parties as gathered from the agreement as a whole is controlling (23 Am Jur 2d, p 873), and each case must be decided on its own facts and the particular terms of the agreement involved. However the rule is settled that a property settlement agreement must be strictly construed so as not to enlarge its language and that a husband or wife will not be held to have waived or *37 relinquished in such agreement his or her right to succeed by inheritance to the property of the other unless the intention to do so is expressed therein in clear and unmistakable language * * *. * * * In view of this rule declared not only by California decisions but by decisions in other jurisdictions, we reject the narrower proposition advanced by appellant that there cannot be a waiver of the right of inheritance unless there is an express renunciation of the specific right." 241 Cal App 2d 209, 210. (Citations omitted. Emphasis in original.)
Evidence showing that all marital property rights were terminated also shows that a complete property settlement was entered into by Mrs. Highgate. She admitted on cross-examination that the California judgment was meant to cover all property owned by Mr. and Mrs. Highgate. In light of Mrs. Highgate's own testimony and reading the California judgment as a whole, it appears that the parties intended this to be a "complete property settlement". Therefore, even if we had determined that Mrs. Highgate is the surviving spouse, she has waived any rights as such pursuant to MCL 700.291; MSA 27.5291.
Reversed and remanded with instructions that the probate court shall not consider Mrs. Highgate the surviving spouse of the deceased and that her rights in the estate are limited to the provisions contained in the final judgment of legal separation entered March 15, 1980, in California.
Costs to appellants.
NOTES
[*] Circuit judge, sitting on the Court of Appeals by assignment.